Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Matthew F. Kennelly | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 98 C 6720 | **DATE** | 11/6/2000 |
| **CASE TITLE** | Nance vs. Friedman | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m)   ☐ General Rule 21   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] Enter Memorandum Opinion and Order. For the reasons set forth on the attached order, the Court denies defendant's motion for summary judgment. The ruling date of 11/10/00 is vacated. The case, together with the case of Simmons v. Lawrence Friedman, 00C5607, remains set for a bench trial on 11/30/00. Both this case and Simmons are set for status on 11/13/00 at 9:30 a.m.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | Document Number |
|---|---|---|---|---|
| | No notices required, advised in open court. | | | |
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | | |
| | Notified counsel by telephone. | | NOV 08 2000 date docketed | 117 |
| ✓ | Docketing to mail notices. | | | |
| | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | FILED FOR DOCKETING 00 NOV -7 PM 4: 52 ED-7 | | |
| OR6 | courtroom deputy's initials | Date/time received in central Clerk's Office | date mailed notice mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

LASHONE D. NANCE and )
KRISTIN CALKINS, )
 )
      Plaintiffs, )
 )
vs. ) Case No. 98 C 6720
 )
LAWRENCE FRIEDMAN, P.C., )
 )
      Defendant. )

## MEMORANDUM OPINION AND ORDER

DOCKETED
NOV 0 8 2000

MATTHEW F. KENNELLY, District Judge:

Defendant Lawrence Friedman, P.C. has moved for entry of summary judgment on Count 3 of plaintiff's third amended complaint. In that claim, plaintiffs Lashone Nance and Kristin Calkins, on behalf of a class, contend that Friedman violated the Fair Debt Collection Practices Act (FDCPA) by sending collection letters to class members that contained a threat of litigation that plaintiffs say was not and could not have been intended at the time. 15 U.S.C. §1692e(5), (10). For the reasons stated below, the Court denies Friedman's motion.

Friedman's letter to Nance is said to exemplify the letters that Friedman sent to consumers who were claimed to owe money to his clients Associates Financial Services Company and Ravenswood Hospital. The letter was on the letterhead of "Law Office, Lawrence Friedman P.C.," and it stated the following:



> LASHONE D NANCE
> 744 SOUTH SHORE DRIVE, APARTMENT 31F
>
> CHICAGO, IL 60649
>
> RE: TRANSOUTH FINANCIAL Internal Client Code: 4540
> Amount Claimed: $4,037.51
> Account Number: 06127355161047109708
>
> Dear LASHONE D NANCE
>
> Please be advised that this office has been retained by the above referenced client in their claim against you. **Be further advised that this office has been instructed to initiate any and all necessary action in the enforcement of this claim, but before doing so, we are giving you this opportunity to clear this indebtedness without the necessity of filing suit.** The consequences of your delinquency are viewed as serious.
>
> **If, however, we do not hear from you we may have no alternative but to commence legal action against you and/or any other liable party** which may greatly increase the amount due hereunder by the addition of court costs, attorney fees and/or the cost of collection where applicable. Unless you, the recipient of this notice, within thirty (30) days after receipt dispute the validity of this debt or any portion thereof, the debt will be assumed to be valid.
>
> If you notify the office of the undersigned in writing within the thirty (30) day period that the debt, or any portion thereof is disputed, this office will obtain verification of the debt or a copy of a judgment against you and a copy of such verification or judgment will be mailed to you by the undersigned.
>
> Upon your written request within the thirty (30) day period, this office will provide you with the name and address of the original creditor if different from the current creditor.
>
> **Please be further advised unless this office is notified in writing as outlined above we reserve the right to continue collection efforts and/or initiate possible legal action.**
>
> This letter is an attempt to collect a debt and any information obtained will be used for that purpose.
>
> Very truly yours,
>
> LAW OFFICE LAWRENCE FRIEDMAN, P.C.

Dfdt. Mot. for Summ. Judg., Ex A (bold type added; other typefaces roughly equivalent to original).

The first issue is whether the letters actually contained a threat of litigation. Under the FDCPA, a communication from a debt collector is evaluated "through the eyes of an

2

unsophisticated consumer." *Jang v. A.M. Miller & Associates*, 122 F.3d 480, 483-84 (7th Cir. 1997). This standard "protects the consumer who is uninformed, naive, or trusting," but also "admits an objective element of reasonableness," which "protects debt collectors from liability for unrealistic or peculiar interpretations of collection letters." *Id. See generally Pettit v. Retrieval Masters Creditors Bureau, Inc.*, 211 F.3d 1057, 1060 (7th Cir. 2000).

Friedman argues that the letter does not actually threaten litigation. We reject this argument. The letter was on his law firm's letterhead; it specifically states that he "has been instructed to initiate any and all necessary action" and in the same sentence refers to the possible "necessity of filing suit." It tells the consumer that if she does not respond, the lawyer "may have no alternative but to commence legal action" and closes by repeating that unless the consumer disputes the debt the lawyer "reserve[s] the right to ... initiate possible legal action." And just as importantly, the letter comes from a lawyer, which signals to the consumer that legal action may indeed be imminent. *See Jenkins v. Union Corp.*, 999 F. Supp. 1120, 1137 (N.D. Ill. 1998). An unsophisticated consumer – indeed even a sophisticated one – would regard this letter both that the attorney had been authorized to file a lawsuit and as actually threatening imminent litigation. *See, e.g., Pipiles v. Credit Bureau of Lockport, Inc.*, 886 F.3d 22, 25-26 (2d Cir. 1989); *Clark v. Retrieval Masters Creditors Bureau, Inc.*, 185 F.R.D. 247, 251 (N.D. Ill. 1999).

Friedman also argues that the letters' indication that he had been authorized to file suit was true. Even if so, this would not necessarily carry the day for Friedman, for the letters do not just say he was authorized to sue; they indicate that a suit is imminent. Falsely threatening imminent litigation when the decision whether to sue has not been made violates the FDCPA. 15 U.S.C. §1692e(5), (10); *Bentley v. Great Lakes Collection Bureau*, 6 F.3d 60, 63 (2d Cir. 1993).

3

*Cf. Newman v. Checkrite California, Inc.*, 912 F. Supp. 13545, 1380 (E.D. Cal. 1995) (letter suggesting that suit was imminent violated §1962e(5) because sender was not in position to file suit imminently). The fact that Friedman did in fact sue some debtors (including Nance), though relevant, is not dispositive. The issue is whether the threat of imminent litigation was true when made. *See Newman*, 912 F. Supp. at 1380 n. 38.

Even if the question of whether Friedman had been authorized to file suit were dispositive, there are genuine fact issues that would preclude entry of summary judgment in his favor. Friedman says that the creditors gave him verbal authorization to file suit where necessary. But his contract with Associates, one of the two creditors he represented in writing the letters, required express written authorization before Friedman could file suit. Friedman says that Associates did not insist on this requirement; he submits an affidavit from Robert Bell, a current Associates vice president, who says "it was the custom, practice and understanding" between Associates and Friedman that Friedman "had authority to file lawsuits on behalf of Associates... at the time a file is sent" to Friedman. This affidavit is not sufficient to foreclose a trial, for it lacks any indication of the basis for Bell's claimed knowledge (e.g., whether it is personal or learned from someone else). With regard to Ravenswood Hospital, the other creditor Friedman represented, Friedman submits an affidavit from John McNulty, a former Vice President and CFO of the Hospital, who likewise says that "it was the custom, practice and understanding" between the Hospital and Friedman that Friedman "had authority to file lawsuits on behalf of Ravenswood Hospital ... at the time a file is sent" to Friedman. But without any indication of when McNulty he was with the Hospital or the basis for his claimed knowledge,

this affidavit is likewise insufficient to entitle Friedman to summary judgment.[1]

For these reasons, the Court denies defendant's motion for summary judgment. The ruling date of November 10, 2000 is vacated. The case, together with the case of *Simmons v. Lawrence Friedman PC*, No. 00 C 5607, remains set for a bench trial on November 30, 2000. Both this case and *Simmons* are set for status on November 13, 2000 at 9:30 a.m.

MATTHEW F. KENNELLY
United States District Judge

Date: November 6, 2000

---

[1] The Court denies plaintiffs' motion to strike the affidavits on the grounds that the witnesses were not disclosed in discovery. Friedman has provided the Court with a letter from its counsel to plaintiffs' counsel dated December 23, 1999 identifying McNulty and Robert Penland, a representative of Associates, as witnesses and describing how they would testify (the disclosure of Penland's expected testimony essentially tracks Bell's affidavit). Just as importantly, plaintiffs were given leave to amend their complaint to include Count 3 after discovery had closed; when Friedman objected to this plaintiffs' counsel expressly committed to the Court that he was not going to initiate any additional discovery based on the amendment. *See* Transcript, 12/17/99, pp. 6-7 (Dfdt's Reply, Ex. 1). Though defendant's disclosure came shortly after that hearing, plaintiffs never returned to Court to seek leave to depose Friedman's witnesses.